McAdam, J.
The relator applied for a hotel liquor license for the premises No. 917 Sixth avenue, in the city of New York. Protests against granting the license were filed with the commissioners by James R Waterlow, Michael Cozle, John Hardy, and H. D. W. Burt, residents of the neighborhood, while a petitition in favor of granting the license was signed by eighteen other neighbors. The commissioners gave the applicants and contestants a hearing, at which testimony was taken covering forty-seven typewritten pages, on the conclusion of which the commissioners made the following decision : “ The application of John .Ryan for a hotel license at the premises No. 917 Sixth avenue is rejected, and a license refused, for the reason that, considering the rights and interests of the property owners and residents of the neighborhood, and the number of existing licensed places in the vicinity of the place for which the license is sought, the commis *361 sioners of excise are satisfied that there is no immediate necessity or convenience to be served in granting such application at this time. On the further ground that the board of excise is of the opinion that the application is an attempt on the part of the applicant to secure a bar privilege under the guise of an application for a hotel, inasmuch as that part of the premises fitted up for the bar is on the ground floor front of said building, and has every appearance of a saloon ; and, as there are two other licensed saloons on the corners of Sixth avenue and Fifty-second street, the granting of this application would be practically to establish a third drinking place, in violation of a rule of the board of' excise in existence ana enforced for the past six years.”
All the questions decided were the subject of evidence pro and con, and the conclusion reached, being sufficiently sustained, should not be disturbed. This court made a general decision in regard to writs of mandamus in excise cases (N. Y. L. J., June 25, 1892), in which, among other things, it was held that “such boards must, in the nature of things, determine whether the applicant possesses the qualifications required by section 18 of the act; whether the place is one which ought to be licensed ; whether its proximity to a church or school house, or to other saloons in the neighborhood, makes it unwise and improper to grant the occupant a license. ”
In People ex rel. O'Toole v. Board of Excise, 42 St. Rep. 39, affd. by court of appeals, 45 id. 932, it was held that it was within the power of the board of excise, in the exercise of its discretion, to determine that liquor stores on three corners of intersecting streets render the fourth corner a place where a license might not properly be granted, and that its decisions to that effect was not abuse of discretion.
The superior court rule, before referred to, would undoubtedly leave it discretionary with the board to decide that two liquor stores on two corners of intersecting streets was one too many.
Indeed, courts are to interfere upon certiorari only where the action of the board is arbitrary and capricious, and without good and substantial reasons.
If the board had not accorded a full hearing, one might have been directed.
But a hearing was had, and the board having determined, after judicial inquiry and upon conflicting proofs, that the place for which a license was sought was not a hotel within the meaning of the act, and that the application was an attempt on the part of the applicant to secure, under the guise of being a hotel keeper, a license for an ordinary bar room, when he knew that three on adjoining corners was a violation of the regulations of the board, such adjudication being within its judicial powers, cannot be said to be arbitrary and capricious or without cause.
Ror does it necessarily follow that every hotel keeper is entitled to a liquor license, even if the hotel be the only one in the neighborhood. The board must pass upon the qualifications of the applicant and the public necessity for the license. Liquor is not *362 necessary to the existence of a hotel. Indeed, there are many where none can be had, and guests in large cities can, as a rule, obtain all the liquor they require without much journeying. In this instance they can be accommodated on either of the two adjoining comers.
It follows that the writ must be quashed and application denied.
Writ quashed and application denied.